IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHAWN COLLETT                                                                                    PLAINTIFF
ADC #656532

v.                                          3:23-cv-00228-DPM-JJV

BRADLEY, Corporal, Grimes Unit                                                        DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.       DISCUSSION**

Shawn Collett ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Department of Correction. He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging on September 5, 2023, Defendant Corporal Bradley failed to protect him from being attacked by another prisoner. (Docs. 2, 4.) After careful consideration, I conclude his Complaint must be dismissed without

prejudice for the following reason.[1]

In the Complaint, Plaintiff says he is currently "in the process" of exhausting his administrative remedies. (Doc. 2 at 4.) The Prison Litigation Reform Act requires a prisoner to fully exhaust administrative remedies in compliance with the incarcerating facility's rules before filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a); *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). While failure to exhaust is usually an affirmative defense "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 claim *sua sponte* when it is clear from the face of the complaint the proposed claim has not been exhausted. *See Jones v. Bock*, 549 U.S. 199, 214-16 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005). Because it is clear from the face of Plaintiff's Complaint that he has not completed the exhaustion process, I recommend this case be dismissed without prejudice as prematurely filed. *See, e.g., Sherman v. Perkins,* No. 4:23-cv-500-BSM-ERE, 2023 WL 5255967 (E.D. Ark. July 13, 2023) (dismissing a case during screening when it was clear from the face of the complaint the plaintiff had not fully exhausted his administrative remedies); *Pitts v. Bennett*, No. 2:23CV00084-DPM-JTK, 2023 WL 3829456 (E.D. Ark. Apr. 17, 2023) (same); *Stockton v. Page*, No. 4:23-cv-00007-JM-ERE, 2023 WL 1927483 (E.D. Ark. Jan. 26, 2023) (same).

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

1.  The Complaint (Doc. 2) be DISMISSED without prejudice.

2.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE